ATTORNEY GENERAL HENRY HAS REQUESTED THAT I RESPOND TO YOUR REQUEST FOR AN OPINION CONCERNING THE RESPONSIBILITY FOR TRANSPORTATION OF THE MENTALLY ILL. SPECIFICALLY, YOUR QUESTION WAS:
 WHOSE RESPONSIBILITY IS IT TO TRANSPORT A MENTALLY ILL PERSON, AN ALCOHOL DEPENDENT PERSON OR DRUG DEPENDENT PERSON AFTER RELEASE FROM DETENTION FROM THE NEAREST FACILITY DESIGNATED BY THE COMMISSIONER . . . AS AN APPROPRIATE FACILITY FOR DETENTION (AS DEFINED BY 43A O.S. 5-207(D) (1990) BEFORE OR AFTER THE FILING OF A PETITION AS SET FORTH IN 43A O.S. 5401(B)?
BECAUSE YOUR REQUEST INVOLVES THE POSSIBILITY OF A VARIETY OF FACTUAL SCENARIOS, THIS RESPONSE WILL BE IN THE FORM OF AN INFORMAL DISCUSSION. SHOULD YOU HAVE ADDITIONAL QUESTIONS NOT DISCUSSED IN THIS CORRESPONDENCE, PLEASE DO NOT HESITATE TO CONTACT OUR OFFICE FOR FURTHER CLARIFICATION. THE FOLLOWING DISCUSSION WILL HIGHLIGHT THE CRITICAL POINTS BROUGHT OUT BY YOUR QUESTION AND HOPEFULLY OFFER SOME GUIDANCE IN THIS AREA.
THE STATUTORY SCHEME
TITLE 43A O.S. 5-206 (1990) PROVIDES SOME USEFUL DEFINITIONS WHICH WILL AID IN THE DISCUSSION OF YOUR QUESTION. SPECIFICALLY, THE DEFINITIONS FOR "PROTECTIVE CUSTODY" AND "EMERGENCY EXAMINATION" PROVIDE A FOUNDATION FOR DETERMINING THE VARIOUS INSTANCES IN WHICH A MENTALLY ILL, OR ALCOHOL OR DRUG DEPENDENT PERSON MAY NEED TRANSPORTATION.
"EMERGENCY EXAMINATION" IS DEFINED AS THE EXAMINATION OF SOMEONE WHO APPEARS TO MEET THE DEFINITION OF 43A O.S. 5-206(2). AN EMERGENCY EXAMINATION IS CONDUCTED IN ORDER TO DETERMINE IF EMERGENCY DETENTION IS WARRANTED. 5-206(3). "EMERGENCY DETENTION" IS DEFINED AS THE DETENTION IN A FACILITY APPROVED BY THE COMMISSIONER AFTER COMPLETION OF AN EMERGENCY EXAMINATION AND A DETERMINATION THAT EMERGENCY DETENTION IS WARRANTED PENDING ISSUANCE OF AN ORDER AUTHORIZING DETENTION BEYOND 72 HOURS OR PENDING A HEARING ON A PETITION REQUESTING INVOLUNTARY COMMITMENT OR TREATMENT. 43A O.S. 5-206(4). EMERGENCY DETENTION MAY ONLY BE FOR A MAXIMUM OF 72 HOURS WITHOUT COURT INTERVENTION.
"PROTECTIVE CUSTODY" IS THE TAKING INTO PROTECTIVE CUSTODY AND DETENTION OF A PERSON PURSUANT TO THE PROVISIONS OF 43A O.S. 5-208 UNTIL SUCH TIME AS AN EMERGENCY EXAMINATION IS COMPLETED AND A DETERMINATION IS MADE AS TO WHETHER OR NOT EMERGENCY DETENTION IS WARRANTED. 43A O.S. 5-206(5). ANYONE WHO APPEARS TO BE OR STATES THAT HE IS IN NEED OF EMERGENCY ACTION MAY BE TAKEN INTO PROTECTIVE CUSTODY AND DETAINED. 43A O.S. 5-207(A). ANY PEACE OFFICER, (A TERM WHICH IS UNDEFINED IN TITLE 43A, WHO BELIEVES A PERSON REQUIRES TREATMENT SHALL TAKE THE PERSON INTO PROTECTIVE CUSTODY. 43A O.S. 5207(B). A PEACE OFFICER'S AFFIDAVIT, BASED ON HIS OWN OBSERVATION OR THE OBSERVATION OF OTHERS, SERVES AS THE BASIS FOR HIS TAKING AN INDIVIDUAL INTO PROTECTIVE CUSTODY. 43A O.S. 5-207(C).
UPON TAKING AN INDIVIDUAL INTO PROTECTIVE CUSTODY, THE OFFICER IS REQUIRED TO IMMEDIATELY TRANSPORT THE PERSON TO THE NEAREST FACILITY DESIGNATED BY THE COMMISSIONER AS AN APPROPRIATE FACILITY FOR EMERGENCY EXAMINATIONS. 5-207(D). IF, SUBSEQUENT TO AN EMERGENCY EXAMINATION, IT IS DETERMINED THAT EMERGENCY DETENTION IS WARRANTED, THE OFFICER IS REQUIRED TO THEN TRANSPORT THE PERSON TO THE NEAREST FACILITY DESIGNATED BY THE COMMISSION AS APPROPRIATE FOR EMERGENCY DETENTION. 43A O.S. 5-207(D).
A PERSON TAKEN INTO PROTECTIVE CUSTODY MUST BE EXAMINED AT AN APPROPRIATE FACILITY WITHIN 12 HOURS OF BEING PLACED IN PROTECTIVE CUSTODY. 5-208(A). IF THE LICENSED MENTAL HEALTH PROFESSIONAL WHO EXAMINES THE INDIVIDUAL DETERMINES THAT THE PERSON IS NOT A PERSON REQUIRING TREATMENT UNDER THE ACT, THE PERSON "SHALL BE RETURNED IMMEDIATELY TO THE POINT WHERE HE WAS TAKEN INTO PROTECTIVE CUSTODY AND RELEASED." ID. THE ACT DOES NOT STATE THE IDENTITY OF THE PERSON(S) OR AGENCY(S) REQUIRED TO IMMEDIATELY RETURN THE INDIVIDUAL.
IF THE LICENSED MENTAL HEALTH PROFESSIONAL DETERMINES THAT THE PERSON'S CONDITION IS SUCH THAT EMERGENCY DETENTION IS WARRANTED, THE PROFESSIONAL MUST: (A) PREPARE A STATEMENT WITH RESULTS OF EXAMINATION, (B) REQUEST THE DISTRICT COURT OF THE COUNTY IN WHICH THE PERSON IS BEING HELD IN EMERGENCY DETENTION TO ISSUE AN ORDER AUTHORIZING THE DETENTION BEYOND 72 HOURS, AND (C) PROVIDE FOR FULL EXAMINATION AND PROCEED TOWARD INVOLUNTARY COMMITMENT.
IF PROBABLE CAUSE EXISTS TO DETAIN THE PERSON PRIOR TO A HEARING ON A PETITION FOR INVOLUNTARY COMMITMENT, THE COURT MAY ENTER AN ORDER AUTHORIZING ANY PEACE OFFICER TO TAKE THAT PERSON INTO CUSTODY AND DETAIN THE PERSON IN A SUITABLE FACILITY PRIOR TO THE HEARING ON THE PETITION. 43A O.S. 5-401(B).
43A O.S. 5-202 DISCUSSES THE RIGHTS OF DETAINED OR CONFINED PERSONS AND INDICATES THAT WHEN A PERSON ALLEGED IN ANY COURT TO BE MENTALLY ILL OR ADJUDGED TO BE MENTALLY ILL IS IN THE LEGAL CUSTODY OF THE COUNTY SHERIFF AND, IF SUCH PERSON HAS NOT BEEN CHARGED WITH COMMISSION OF A CRIME, THE COUNTY SHERIFF MAY CONFINE SUCH PERSON IN A PLACE OTHER THAN THE COUNTY JAIL AND TO TRANSPORT SUCH PERSON TO THE PLACE SELECTED. IN SUCH CIRCUMSTANCES, THE COUNTY IS DIRECTED TO EXPEND SUCH FUNDS AS MAY BE NECESSARY TO PROVIDE FOR SUCH CONFINEMENT OUTSIDE THE COUNTY JAIL. ID.
43A O.S. 5-108 DISCUSSES THE RESPONSIBILITY FOR TRANSFERRING PATIENTS FROM PRIVATE HOSPITALS TO STATE HOSPITALS. THERE, THE RESPONSIBILITY OF TRANSPORTATION IS VERY CLEARLY LEFT IN THE HANDS OF THE SHERIFF OF THE COUNTY IN WHICH THE PATIENT IS HOSPITALIZED. THE EXPENSE OF CONVEYING THE PATIENT IS REQUIRED TO BE BORNE WHENEVER POSSIBLE BY THE PETITIONER, HIS RELATIVE, OR GUARDIAN. OTHERWISE THE SHERIFF OR HIS DEPUTY SHALL BE REIMBURSED FOR NECESSARY TRAVEL EXPENSES AND SUBSISTENCE AS PROVIDED BY LAWS FOR OTHER OFFICIAL BUSINESS. ID.
43A O.S. 5-203 DISCUSSES THE TRANSPORTATION OF MENTALLY ILL WOMEN AND AGAIN, VERY CLEARLY INDICATES THAT UPON RECEIVING AN ORDER TO CONVEY A MENTALLY-ILL WOMAN THE SHERIFF OF THE COUNTY IS REQUIRED TO PROCURE SOME SUITABLE WOMAN TO ASSIST IN CONVEYING TO THE INSTITUTION. THE SHERIFF IS ALLOWED TO PROCURE ASSISTANCE AND CERTIFY PROCUREMENT OF ASSISTANCE TO THE COUNTY CLERK AS A PART OF THE EXPENSE OF TRANSPORTING THE WOMAN. WHENEVER A WOMAN IS TRANSFERRED FROM ONE INSTITUTION TO ANOTHER WITHIN THE DEPARTMENT OR FROM AN INSTITUTION WITHIN THE DEPARTMENT TO ANOTHER INSTITUTION OF LIKE NATURE ELSEWHERE, SHE MUST BE ACCOMPANIED BY A FEMALE EMPLOYEE OF THE DEPARTMENT.
YOUR QUESTION
YOUR QUESTION INVOLVES THE POTENTIAL FOR MANY FACTUAL SCENARIOS, FOR EXAMPLE:
 1) A PERSON IS DETAINED AND TAKEN INTO CUSTODY IN CITY XYZ, HE IS TAKEN BY THE CITY POLICE OFFICERS TO THE LOCAL PRIVATE HOSPITAL, WHICH IS APPROVED TO EVALUATE PERSONS POTENTIALLY IN NEED OF PSYCHIATRIC HELP. HE IS EVALUATED WITHIN 30 MINUTES OF BEING TAKEN TO THE PRIVATE HOSPITAL AND IT IS DETERMINED THAT HE SHOULD BE TRANSPORTED TO THE REGIONAL STATE MENTAL HEALTH CENTER FOR FURTHER EVALUATION. THE LOCAL POLICE OFFICERS ARE STILL AT THE LOCAL PRIVATE HOSPITAL WITH THE PERSON AND THE REGIONAL STATE MENTAL HEALTH CENTER HAPPENS TO BE LOCATED IN THE SAME TOWN AS THE PRIVATE HOSPITAL. IS THE COUNTY SHERIFF CALLED IN TO TRANSPORT THE PERSON FROM THE PRIVATE HOSPITAL TO THE REGIONAL STATE MENTAL HEALTH CENTER OR IS THE LOCAL POLICE OFFICER RESPONSIBLE FOR TRANSPORTATION? WHAT IS THE REGIONAL STATE MENTAL HEALTH CENTER'S ROLE IN TRANSPORTATION?
 2) A WOMAN PRESENTS HERSELF AT THE DOOR OF THE REGIONAL-STATE MENTAL HEALTH CENTER REQUESTING EMERGENCY EXAMINATION FOR THE PURPOSES OF DETERMINING WHETHER SHE MEETS THE STATUTORY DEFINITION TO BE INVOLUNTARILY COMMITTED OR OTHERWISE DETAINED IN EXCESS OF 72 HOURS.THE LOCAL MENTAL HEALTH PROFESSIONALS DETERMINE THAT EMERGENCY DETENTION IS WARRANTED BUT ALSO THAT THEY ARE INCAPABLE OF FULLY EVALUATING THE WOMAN. THEY ARRANGE HER ADMITTANCE AND SUBSEQUENT EVALUATION AT THE STATE MENTAL HOSPITAL WHICH SERVES THE AREA IN WHICH THE REGIONAL STATE MENTAL HEALTH CENTER IS LOCATED.IS THERE A PEACE OFFICER WHICH MUST BE CONTACTED IN ORDER TO TRANSPORT THIS WOMAN? MUST THE COUNTY SHERIFF BE CONTACTED UNDER 43A O.S. 5-203 TO TRANSPORT THE WOMAN? DOES THE ENTIRE RESPONSIBILITY FOR TRANSPORTATION REST WITH THE INSTITUTION?
 3) SUPPOSE A PERSON IS TAKEN INTO PROTECTIVE CUSTODY OUTSIDE THE CITY LIMITS OF ABC. HE IS TAKEN INTO PROTECTIVE CUSTODY BY THE COUNTY SHERIFF AND TRANSPORTED TO THE REGIONAL STATE MENTAL HEALTH CENTER (THE NEAREST APPROPRIATE MENTAL HEALTH FACILITY) WHERE HE IS EVALUATED. THE COUNTY SHERIFF HAS MANY OTHER MORE PRESSING DUTIES SO HE LEAVES THE INDIVIDUAL THERE FOR EVALUATION. UPON PERFORMANCE OF THE EMERGENCY EXAMINATION, IT IS DETERMINED THAT THE PERSON NEEDS TO BE DETAINED FOR AT LEAST 72 HOURS FOR ADDITIONAL OBSERVATION. THE NEAREST APPROPRIATE FACILITY FOR OBSERVATION IS THE STATE MENTAL HOSPITAL. WHO TRANSPORTS THE PERSON? IS IT THE COUNTY SHERIFF WHO TRANSPORTED THE PERSON INITIALLY TO THE POINT OF EVALUATION? OR IS IT THE LOCAL POLICE OFFICER IN WHOSE JURISDICTION THE REGIONAL MENTAL HEALTH CENTER IS LOCATED?
 4) AT THE END OF THE 72 HOUR PERIOD, THE STATE MENTAL HOSPITAL OFFICIALS DETERMINE THAT THE PERSON HAS STABILIZED AND THAT HE SHOULD BE DISCHARGED HOME. WHO IS RESPONSIBLE FOR TAKING THE PERSON HOME? IS IT THE LOCAL POLICE OFFICER OR THE SHERIFF'S DEPARTMENT WHO HAD A HAND IN TRANSPORTING THE PATIENT TO THE HOSPITAL IN THE FIRST PLACE? OR IS IT THE RESPONSIBILITY OF THE HOSPITAL TO TRANSPORT THE PATIENT BACK TO THE COUNTY/CITY FROM WHICH HE WAS TRANSPORTED?
THERE ARE MYRIAD OTHER SCENARIOS SUCH AS THESE WHICH NECESSITATE PRACTICAL APPLICATION OF THE STATUTES HERETOFORE CITED. ONE THING IS CLEAR: THE STATUTES ARE SILENT CONCERNING THE VARIED FACT PATTERNS WHICH MAY ARISE INVOLVING THE EXACT DUTY FOR TRANSPORTING PERSONS TO THE MENTAL HEALTH SYSTEM, WITHIN THE MENTAL HEALTH SYSTEM, AND BETWEEN THE MENTAL HEALTH SYSTEM AND THE LAW ENFORCEMENT/COURT SYSTEM. WHEN THE COURTS ARE INVOLVED IN ANY STEP IN THIS PROCESS, THE QUESTION OF RESPONSIBILITY FOR TRANSPORTATION COULD BE PRESENTED TO AND DECIDED BY THE COURT.
THE PRIMARY GOAL IN STATUTORY CONSTRUCTION IS TO ASCERTAIN AND FOLLOW THE INTENTION OF THE LEGISLATURE IN ENACTING THE STATUTES IN QUESTION. LEDBETTER V. OKLAHOMA ALCOHOLIC BEVERAGE LAWS ENFORCEMENT COMM., 764 P.2D 172 (OKL. 1988). THE CONSTRUING BODY, IN MOST CASES THE COURT, MUST FIRST BEGIN WITH THE STATUTORY LANGUAGE ITSELF. GLENPOOL UTILITY SERVICES AUTHORITY V. CREEK CO. RURAL WATER DIST. NO. 2., 861 F.2D 1211 (10TH CIR. 1988), CERT. DEN., _ U.S.,109 S.CT. 2068, 104 L.ED.2D. 633 (1989). WHEN CONSTRUING STATUTORY LANGUAGE, THE GOAL IS TO GIVE EFFECT TO THE LEGISLATIVE ACTS AND NOT TO AMEND OR REPEAL THE LEGISLATIVE ACTS THROUGH STATUTORY CONSTRUCTION. CHAMPLIN REFINING CO. V. OKLAHOMA TAX COMMISSION, 25 F.SUPP. 218 (D.C.OKL. 1939), APP. DISM. 104 F.2D 1018. THE FUNDAMENTAL RULE OF CONSTRUCTION IS TO ASCERTAIN AND GIVE EFFECT TO THE INTENTION OF THE LEGISLATURE AS EXPRESSED IN THE STATUTE. B H PASSMORE METAL ROOFING CO. V. NEW AMSTERDAM CAS. CO., 147 F.2D 536 (10TH CIR. 1945).
WHEN INVOLVEMENT OF A "PEACE OFFICER" IS STATUTORILY CLEAR, IT MAY BE LOGICALLY CONSTRUED THAT THE LEGISLATURE INTENDED THAT THE "PEACE OFFICER" MIGHT BE EITHER THE CITY POLICE OFFICER OR THE COUNTY SHERIFF.
THE TERM "PEACE OFFICER" IS UNDEFINED IN THE ACT, THEREFORE WE MAY LOOK TO THE DEFINITION OF PEACE OFFICER AS IT OCCURS IN ANY OTHER STATUTE. OLIVER V. CITY OF TULSA, 654 P.2D 607 (OKL. 1982). PEACE OFFICER MAY MEAN A POLICE OFFICER, SHERIFF, DEPUTY SHERIFF, DISTRICT ATTORNEY'S INVESTIGATOR, INVESTIGATOR FROM THE OFFICE OF THE ATTORNEY GENERAL, OR ANY OTHER PERSON ELECTED OR APPOINTED BY LAW TO ENFORCE ANY OF THE CRIMINAL LAWS OF THIS STATE OR THE UNITED STATES. 63 O.S. 2-101(25) (1990). PEACE OFFICER IS ALSO DEFINED AS ONE WHO IS FULL-TIME, DULY APPOINTED OR ELECTED AND WHO IS PAID FOR WORKING MORE THAN TWENTY-FIVE (25) HOURS PER WEEK AND WHOSE DUTIES ARE TO PRESERVE THE PUBLIC PEACE, PROTECT LIFE AND PROPERTY, PREVENT CRIME, SERVE WARRANTS, AND ENFORCE LAWS AND ORDINANCES OF THIS STATE, OR ANY POLITICAL SUBDIVISION THEREOF. 70 O.S. 3311.
IT APPEARS TO THE UNDERSIGNED THAT WHERE A PEACE OFFICER IS THE OFFICER WHO TOOK A PERSON INTO PROTECTIVE CUSTODY AND TRANSPORTED THAT PERSON IN THE FIRST INSTANCE TO "THE NEAREST FACILITY" DESIGNATED FOR "EMERGENCY EXAMINATIONS" AS PROVIDED IN 5-207(D), THAT SAME OFFICER (OR HIS SAME LAW ENFORCEMENT AGENCY) CLEARLY HAS THE RESPONSIBILITY TO TAKE THE PERSON TO THE NEXT FACILITY IF IT IS DETERMINED THAT AN "EMERGENCY DETENTION" IS WARRANTED. THIS IS CLEARLY PROVIDED IN THIS STATUTE. IT FURTHER APPEARS TO THE UNDERSIGNED THAT WHERE THE "LICENSED MENTAL HEALTH PROFESSIONAL" WHO EXAMINES THIS PERSON AND DETERMINES THAT THE PERSON DOES NOT REQUIRE EMERGENCY DETENTION, THE SAME PEACE OFFICER (OR HIS LAW ENFORCEMENT AGENCY) IS THE APPROPRIATE PARTY TO RETURN THAT PERSON "IMMEDIATELY TO THE POINT WHERE HE WAS TAKEN INTO PROTECTIVE CUSTODY" UNDER 43A O.S. 5-208(1). THIS IS THE MOST REASONABLE READING OF THE STATUTE ESPECIALLY IN LIGHT OF THE FACT THAT 43A O.S. 5-208 REFERS BACK TO THE PROTECTIVE CUSTODY SITUATION IN 5-207.
TITLE 43A IS SILENT ON MANY OTHER POTENTIAL SCENARIOS CONCERNING THE RESPONSIBILITY FOR TRANSPORTATION, AND SINCE THE DEFINITION OF PEACE OFFICER MAY MEAN EITHER THE CITY POLICE OR THE COUNTY SHERIFF EMPLOYEES, IT MAY BE LOGICALLY CONSTRUED THAT THE LEGISLATURE INTENDED THAT EITHER OF THESE OFFICES MIGHT HAVE THE RESPONSIBILITY FOR TRANSPORTATION OF THE MENTALLY ILL AFTER A PERSON IS TAKEN INTO PROTECTIVE CUSTODY AND EMERGENCY EVALUATION. AND, SINCE THE STATUTE IS SILENT, IT MIGHT ALSO BE LOGICALLY CONSTRUED THAT THE MENTAL HEALTH SYSTEM FACILITY IN WHICH THE PERSON BEING EXAMINED IS LOCATED COULD ALSO EITHER SHARE OR HAVE TOTAL RESPONSIBILITY FOR THE TRANSPORTATION OF PERSONS FOR EMERGENCY DETENTION TO APPROPRIATE FACILITIES.
TO SPECULATE REGARDING THE LEGISLATURE'S INTENT IN THIS AREA OF WOULD BE AN UNAUTHORIZED ATTEMPT TO AMEND THE STATUTORY SCHEME. THE STATUTES, WHILE INDICATING GENERALLY THAT THE SHERIFF HAS RESPONSIBILITIES IN CERTAIN NARROW INSTANCES, ARE SILENT REGARDING WHICH "PEACE OFFICER" HAS RESPONSIBILITY FOR TRANSPORTATION UNDER MANY OF THE POTENTIAL CIRCUMSTANCES POSED BY YOUR QUESTION. THE POTENTIAL FOR MYRIAD FACTUAL SITUATIONS POSED BY TRANSPORTATION NEEDS ALSO CREATES A PROBLEM IN OFFERING A CLEAR ANSWER TO YOUR QUESTION. THIS AREA IS IN NEED OF LEGISLATIVE GUIDANCE.
(THOMAS L. SPENCER/JANIE SIMMS HIPP)